DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-36 |
| | ) | |
| ENID EDWARDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ATTORNEYS:**

**Alvin E. Entin, Esq.**
Entin, & Della Fera, P.A.
Fort Lauderdale, FL
    *For Enid Edwards.*

**Jay I. Shreenath, Esq.**
Shreenath & Associate
Austell, GA
    *For Enid Edwards.*

**Jeffrey B. C. Moorhead, Esq.**
Christiansted, U.S.V.I.
    *For Enid Edwards.*

**John-Russell Bart Pate, Esq.**
J.R. Pate, PC – Law Office
St. Thomas, U.S.V.I.
    *For Enid Edwards.*

**Alphonso G. Andrews, Esq.**
U.S. Attorney's Office
Christiansted, U.S.V.I.
    *For the United States.*

**Joycelyn Hewlett, Esq.**
**Sigrid Tejo-Sprotte, Esq.**
**Gretchen Shappert, Esq.**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Enid Edwards's motion to vacate under 28 U.S.C. § 2255; grant the Government's motion to dismiss Enid Edwards's motion to vacate, and that a certificate for appealability be denied.

### I.   FACTUAL AND PROCEDURAL HISTORY

Enid Edwards ("Edwards") was a former police officer employed by the Virgin Islands Police Department ("VIPD"). On September 11, 2012, Edwards was convicted in this Court. The Court entered judgment against Edwards for conspiracy under the Racketeering Influenced and Corrupt Organizations Act, conspiracy and extortion under the Hobbs Act, conspiracy to possess with intent to distribute controlled substances, distribution of and possession with intent to distribute controlled substances, as well as local charges of conspiracy, extortion, bribery, and conflict of interest. The Court sentenced Edwards to 151 months imprisonment.

On April 20, 2015, Edwards filed a *pro se* petition for relief from her sentence pursuant to 28 U.S.C. § 2255 motion ("§ 2255 motion"). Edwards alleged five grounds for relief. First, that her counsel was ineffective for failing to seek a change of venue. Second, that Edwards's counsel was ineffective for failing to challenge three jurors who allegedly had a previous personal or professional relationship with Edwards. Third, that a witness perjured himself by giving a false name. Fourth, that "frequent transfers during trial and sentencing" deprived Edwards of due process. Fifth, that Edwards did not receive notice regarding Deborah Harrigan, a Government rebuttal witness.

On June 1, 2015, Edwards filed a *pro se* motion to reduce her sentence under 18 U.S.C. § 3582 (c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1]

On June 15, 2015, Edwards, with the assistance of counsel, filed a supplemental § 2255 motion. In her motion, Edwards asserted three additional grounds for relief. First, that Edwards's counsel was ineffective in sentencing. Second, that Edwards's counsel was ineffective for failing to properly investigate or cross-examine several witnesses. Third, that

---

[1] The Court granted Edwards's motion on October 29, 2015. Edwards's sentence was reduced to 121 months.

Edwards was entitled to a sentence reduction based on a retroactive change in the sentencing guidelines.

On October 18, 2016, the United States filed a motion to dismiss Edwards's § 2255 motions. Edwards filed an opposition on November 28, 2016.

On December 11, 2017, the Court entered an amended judgment based on the Third Circuit's remand. Edwards was found guilty of additional counts of drug trafficking and racketeering. Edwards was sentenced to additional imprisonment to be served concurrently with her 121 month sentence.

On July 6, 2018, the Court referred Edwards's motion to vacate, supplemental motion to vacate, and the Government's motion to dismiss the motion to vacate to the Magistrate Judge.

## II. DISCUSSION

### A. Alleged Perjury by Troy Willock

Edwards alleges that Troy Willock's real name is Gregory Maynard. Edwards further alleges that Troy Willock perjured himself by stating that his real name was Gregory Maynard. This Court previously denied Edward's motion for a new trial on that same basis. The Third Circuit affirmed. *U.S. v. John-Baptise*, 747 F.3d 186, 209-11 (3d Cir. 2014). Edwards cannot relitigate that issue now on collateral review.

B.   **Deprivation of Due Process**

Edwards alleges that, due to frequent transfers during trial and sentencing, she was deprived of due process. As noted by the Magistrate Judge, Edwards presents no evidence supporting this claim.

C.   **Deborah Harrigan's Testimony**

Edwards claims that this Court erred by allowing Deborah Harrigan to testify because Edwards was given insufficient notice. Edwards appealed this Court's ruling on that issue and the Third Circuit affirmed. *Id.* at 214. Edwards cannot relitigate this issue on collateral review.

D.   **Failure to Request a Change Of Venue**

Edwards alleges that her counsel should have sought a change in venue due to the extensive publicity of Edwards's case. The Magistrate Judge concluded that Edwards made only conclusory statements in support of her claim and failed to meet her burden of showing that her counsel's performance was deficient.

E.   **Failure to Challenge Jurors During Voir Dire**

Edwards claims that her counsel was ineffective because they failed to address the three jurors Edwards allegedly had a personal and or professional relationship with. The Magistrate Judge found that, assuming Edwards's allegations were true,

Edwards failed to show that she was prejudiced or that her counsel's performance was deficient.

**F.   Failure to Impeach Government Witnesses**

Edwards claims that her counsel was deficient in their impeachment efforts of witnesses Lindquist, Willock, Love, Deeb, and Morino. The Magistrate Judge found that Edwards failed to meet her burden of demonstrating that Edwards's counsel was deficient with respect to Lindquist. The Magistrate Judge also found that Edwards failed to demonstrate that she was prejudiced by her counsels alleged deficient questioning with respect to Willock. Finally, the Magistrate Judge concluded that Edwards failed to identify which statements Love, Deeb, and Morino made that were allegedly impeachable. Thus, Edwards failed to meet her burden.

**G.   Failure to Investigate Alleged Falsification of Edwards's Name**

Edwards alleges that her counsel failed to investigate Edwards's claim that her name was edited onto federal reports as an alleged person of involvement in narcotics activity. The Magistrate Judge found that Edwards did not identify these supposed reports or their relevance. Thus, Edwards cannot show why her counsel's performance was deficient.

**H.   Failure to Investigate Alleged Judicial Misconduct**

Edwards alleges that the Court intimidated Attorney Jay Shreenath and called him into excessive side bars. Edwards adduced no evidence that the Court intimidated Attorney Shreenath, or that there were excessive side bars called. Moreover, the Magistrate Judge determined that Edwards did not demonstrate how she was prejudiced by this conduct.

**I.   Failure to Establish that Edwards Was on Leave in 2005**

Edwards alleges that her counsel failed to show that Edwards was on paid administrate leave in 2005. The Magistrate Judge found that Edwards failed to adduce enough evidence to meet Edwards's burden.

**J.   Failure to Conduct an Adequate Pretrial Investigation and Failure to Call Certain Witnesses**

Edwards claims that her counsel failed to investigate statements allegedly made by individuals in the same holding cell as Edwards. Edwards alleges that these witnesses would have corroborated her testimony. The Magistrate Judge concluded that because Edwards failed to indicate who would have corroborated her testimony, and what parts of her testimony would have been corroborated, she cannot show that her counsel's performance was deficient.

Edwards also claims that her counsel should have subpoenaed her co-defendant Francis Brooks. The Magistrate Judge noted that

a defendant cannot compel her codefendant to testify on her behalf. *United States v. Hous. Found. Of Am.*, 16 F.2d 665, 666 (3d Cir. 1949). Therefore, Edwards cannot demonstrate her counsel's performance was deficient.

**K.  Failure to Seek Safety Valve Reduction**

Edwards claims that her counsel was ineffective for failing to seek a continuance of the sentencing hearing. Edwards alleges that a continuance would have allowed her to assert her eligibility for a safety valve reduction. Edwards further claims that her counsel did not adequately prepare her for her allocution at sentencing.

The Magistrate Judge first concluded that Edwards would not have satisfied the sentencing guidelines requiring that Edwards provide the government with information about the offense. Thus, Edwards did not qualify for a safety valve reduction. Further, because the District Court concluded that, based on Edwards's role in the offense, neither an enhancement nor a reduction was warranted. Thus, the Magistrate Judge found that Edwards was not prejudiced by her counsel's conduct.

**L.  Failure to Seek a Minor Role Reduction**

Edwards alleges that had her counsel argued for a minor role reduction, Edwards could have had an additional 6 point reduction in her guidelines calculation. The Magistrate Judge

concluded that the extent of Edwards's role was raised by Edwards's counsel and considered by the Court. Thus, Edwards did not show that her counsel was deficient or that Edwards was prejudiced.

Upon de novo review of the record, the Court agrees with the Magistrate's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED**; it is further

**ORDERED** that Edwards's motion to vacate under § 2255 is **DENIED**; it is further

**ORDERED** that the Government's motion to dismiss the motion to vacate under § 2255 is **GRANTED;** it is further

**ORDERED** that a certificate of appealability be **DENIED;** it is further

**ORDERED** that the Clerk of Court shall **CLOSE** Civil Case No. 3:15-37, the civil case associated with the § 2255 petition.

S\_____
    **Curtis V. Gómez**
    **District Judge**